IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DORIS SNEED ABNEY, § § | |
| Plaintiff, § § | |
| v. § § | Civil Action No. 3:24-CV-01346-N |
| ALLSTATE FIRE AND CASUALTY § INSURANCE COMPANY, § § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Plaintiff Doris Sneed Abney's motion to remand [7]. Because the Court finds it is facially apparent from the state court petition that the amount in controversy requirement is satisfied, the Court denies the motion.

**I. ORIGINS OF THE DISPUTE**

This is a case to recover under uninsured/underinsured motorist ("UIM") benefits following a car accident. Abney filed her original petition in Dallas County Court at Law No. 4. Notice of Removal ¶ 1 [1]. She alleges an inadequately insured driver caused a collision and fled the scene. Pl.'s Orig. Pet. ¶¶ 6–7 [1-5]. She asserts a claim for declaratory judgment "construing the contract of insurance and declaring Plaintiff's rights to uninsured motorist coverage" for her damages from the collision. *Id.* ¶¶ 11–12. She also seeks attorney's fees. *Id.* ¶ 11.

Defendant Allstate Fire and Casualty Insurance Company ("Allstate") removed this case on the basis of diversity jurisdiction. Notice of Removal ¶¶ 9–12. Allstate alleges it

MEMORANDUM OPINION AND ORDER – PAGE 1

is a citizen of Illinois and Abney is a citizen of Texas. *Id.* ¶¶ 11–12. Abney does not contest complete diversity in her motion to remand. However, the parties dispute whether this case meets the amount-in-controversy requirement for diversity jurisdiction. *See* Notice of Removal ¶¶ 13–14; Pl.'s Br. 1 [7-1]. On this basis, Abney moves for remand to state court. Pl.'s Br. 1.

## II. Legal Standard

A defendant may remove a state court suit only if the action originally could have been brought in federal court. 28 U.S.C. § 1441(a). The removing defendant bears the burden of establishing federal jurisdiction. *St. Paul Reins. Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The Court must determine whether jurisdiction exists by considering the claims in the plaintiff's state court petition as it existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). If the requirements for federal jurisdiction are not apparent from the plaintiff's state court petition, the removing defendant may present facts and evidence in its notice of removal or by affidavit to establish that jurisdiction existed at the time of removal. *See Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 638–39 (5th Cir. 2003); *see also Gasch ex rel. Z.G. v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 283 n.27 (5th Cir. 2007) (noting that a court considering a motion to remand "may pierce the pleadings and consider summary judgment evidence" (citing *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc); and *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004))).

"Because removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A district court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Accordingly, when diversity serves as the basis for removal, the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 and that the parties are citizens of different states. 28 U.S.C. § 1332(a); *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993)). A defendant may meet its burden in one of two ways: "(1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth the facts in controversy – preferably in the removal petition, but sometimes by affidavit – that support a finding of the requisite amount.'" *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (quoting *Allen*, 63 F.3d at 1335).

When a plaintiff seeks declaratory relief, "the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Grp. v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). When, as here, the dispute is over the applicability of an insurance policy to a particular occurrence, amount in controversy is "measured by the value of the underlying claim – not the face value of the policy." *Id.* at 911. This underlying claim value includes the insurer's potential liability on the policy along with

MEMORANDUM OPINION AND ORDER – PAGE 3

any attorney's fees, statutory penalties, and punitive damages. *St. Paul Reins. Co.*, 134 F.3d at 1253. Claim value does not include interest or costs. *Id.*; 28 U.S.C. § 1332(a).

### III.     THE COURT DENIES ABNEY'S MOTION TO REMAND

The parties here dispute whether the amount in controversy in this action exceeds $75,000. Abney asserts that the UIM policy has a policy limit of $50,000. Pl.'s Br. 3. Then, she argues that she cannot recover more than the policy limits and that therefore the maximum amount in controversy here is $50,000. *Id.* In response, Allstate points to Abney's state court pleading where she alleges she is seeking monetary relief in an amount between $250,000 and $1 million. Notice of Removal ¶ 13; Pl.'s Orig. Pet. ¶ 17. Upon reviewing the record, the Court finds that the face of the complaint establishes an amount in controversy in excess of $75,000.

The Court starts by inspecting the plaintiff's complaint at the time of removal. *Manguno*, 276 F.3d at 723. Here, Abney seeks a declaration that she is entitled to UIM benefits from the collision, and a declaration as to the amount of damages, attorney's fees, interest, and costs she can recover. Pl.'s Orig. Pet. ¶¶ 11–12. In her complaint, she directly alleged that she seeks monetary relief of an amount between $250,000 and $1 million. *Id.* ¶ 17. Thus, the face of the complaint directly indicates an amount in controversy of at least $250,000. District courts in Texas routinely treat such allegations as dispositive of amount in controversy. *See, e.g.*, *Werder v. Allstate Fire & Cas. Ins. Co.*, 2024 WL 1810474, at *9 (N.D. Tex. 2024) (collecting cases); *Torres v. Allstate Fire & Cas. Ins. Co.*, 2020 WL 3077932, at *1 (S.D. Tex. 2020) (holding that a pleaded damages range of

between $100,000 and $1 million "alone provided federal removal jurisdiction" in a UIM case).

Additionally, Abney neither attached the policy document to nor referenced the $50,000 policy limit in the complaint. Where the complaint states a damages range of at least $250,000 and supplies no countervailing allegations or evidence, it is "facially apparent" that the amount in controversy exceeds $75,000. *See Allen*, 63 F.3d at 1335.

## CONCLUSION

Reviewing Abney's complaint at the time of removal, the Court concludes it is facially apparent that the amount in controversy exceeds $75,000. Accordingly, the Court denies Abney's motion to remand.

Signed November 26, 2024.

_____
David C. Godbey
Chief United States District Judge